## Case No. 17,702.

### In re WILLIAMS.

[5 Law Rep. 402.]

Circuit Court, D. New Hampshire. 1842.

BANKRUPTCY—PARTNERSHIP AND INDIVIDUAL CREDITORS.

Where a bankrupt was formerly a member of several firms, against which no decree of bankruptcy had been entered, it was *held*, that the fund in court, which was derived from the separate estate of the bankrupt, was exclusively distributable among the separate creditors of the bankrupt.

This case came before the district court on the report of a commissioner in bankruptcy, which set forth that the balance in court, from which the costs taxed were first to be deducted, was $578.70, the whole of which sum belonged to the separate estate of the

said Williams. The petition for the benefit of the act of congress of 1841 [5 Stat. 440] was presented by Williams, and no decree of bankruptcy had been entered against E. Whiting, E. Whiting & Co., or Turpin & Williams, firms of which said Williams was a member. Debts to the amount of $917.12 had been proved against Williams, and to the amount of $1075.10 against E. Whiting & Co., or rather against Williams as a member of that firm. The commissioner requested the instruction of the court upon the question, whether the creditors of the said Williams, individually, and the creditors of the said E. Whiting & Co., shall share pari passu the funds in court, in proportion to their respective claims, or in what manner the funds shall be distributed. The district court ordered, "that the question contained in the accompanying report of the commissioner be adjourned into the circuit court, to be there heard and determined." [Case unreported.] The case was now submitted without argument.

STORY, Circuit Justice. The question contained in this case is substantially answered by the decision in the matter of William Ingalls, in bankruptcy. [Case No. 7,032.] The whole fund in court belongs to the separate estate of the bankrupt, Williams, and of course, upon general principles of law, as well as the positive enactment of the fourteenth section of the bankrupt act of 1841, c. 9, the whole is, in the first instance, to be applied to the payment of the debts due to and proved by his separate creditors; and as there is no surplus, the joint creditors of the firm, of which Williams is a partner, can take nothing. I shall direct a certificate to be sent to the district court accordingly.

The certificate was as follows: "In the matter of Henry B. Williams. It is ordered by this court, that the following certificate be sent to the district court: 'It is the opinion of this court, that, under the circumstances stated in the commissioner's report, the fund in court is exclusively distributable among the separate creditors of the said bankrupt, Williams, and that there being no surplus, the joint creditors of the firm of E. Whiting & Co. are not entitled to any share in the said fund.'"